## 36847.   RUTLAND *v.* VAUGHN *et al.*

CARLISLE, J.   1.   Under the Workmen's Compensation Act, "If an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the State Board of Workmen's Compensation such refusal was justified." Code § 114-407. *Keel v. American Employers Ins. Co.*, 44 *Ga. App.* 773 (1) (162 S. E. 847). Under the foregoing rule, where, as in this case, there was medical testimony by one of the doctors who had treated and examined the claimant that he could do some type of light work but that he should not be allowed to do any type of work around dangerous machinery, and that in his opinion, on June 7, 1955, a few days after the employer ceased paying compensation to him, the claimant could have returned to some type of light work, the evidence authorized a finding by the Deputy Director of the State Board of Workmen's Compensation that the claimant's refusal to accept light work at his regular rate of pay, which was offered him by his employer, was not justified.

2.   Where the deputy director, under the heading of findings of fact, stated that he found as a matter of fact that the doctors testified under oath that the claimant could do some light work and that he was able to return to work on June 7, 1955,

and that he could do any type of work up to but not including ditch digging, and that, "I find further as a matter of fact and rule as a conclusion of law based on the evidence adduced at the trial . . . that A. L. Vaughn, being one of the partners of the Vaughn Planing Mill Company . . . did offer to re-employ the claimant at his same wage level from June 3, 1955, and that claimant, Oscar Rutland, refused to accept the employment," and where the deputy director further on in his opinion and award cited and relied on the rule of law set forth in Code § 114-407 quoted above, and upon cases, to the effect that the refusal of the employee to accept work suitable to his condition shall bar a recovery of compensation under the provisions of Code § 114-404, and where thereafter the deputy director entered an award denying compensation because of the claimant's "violation of Title 114 § 407," such ruling and award reasonably construed amounts to an affirmative finding by the deputy director that the employment was suitable to the employee's then existing condition, and that the refusal of the claimant to accept employment tendered by his employer was unjustified and the award was not subject to the criticism that the director failed to make an affirmative finding in this regard.

3. The purpose stated by the deputy director in calling the hearing of this case, "to determine liability, *disability,* compensation, medical," etc., was sufficient to include within the subject matter of inquiry on the hearing the permanent partial disability of the claimant due to his permanent partial loss of vision resulting from the accidental injury, and there was evidence as to what the claimant's visual acuity was on a particular date prior to the hearing, but there was no evidence in the case showing whether or not the claimant's vision had reached maximum improvement after the accident or what percentage of loss of vision resulted from the accident, if it had reached maximum improvement. The deputy director made no finding in his award as to whether or not the claimant was entitled to any compensation on account of this permanent partial loss of vision, though the evidence demanded a finding that the claimant had in fact suffered some permanent partial loss of vision in both eyes. Under these circumstances, the judge of the superior court should have remanded the case to the board with directions that it hear evidence as to whether the claimant's visual acuity had

reached maximum improvement and as to what percentage of impairment to his vision resulted from the accident. For this reason the judgment of the superior court must be reversed and the case remanded to the State Board of Workmen's Compensation for further proceedings not inconsistent with this opinion. *Liberty Mutual Ins. Co.* v. *Clay,* 180 *Ga.* 294 (178 S. E. 736).

*Judgment reversed with direction. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 15, 1957.

*W. B. Mitchell, S. Gus Jones, Neal D. McKenney,* for plaintiff in error.

*W. B. Freeman, Martin, Snow & Grant,* contra.