### 39045. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WAUSAU *et al.* v. JOHNSON *et al.*

DECIDED SEPTEMBER 28, 1961—REHEARING DENIED OCTOBER 13, 1961.

*Lawton, O'Donnell & Sipple, Julian C. Sipple, Robert A. Cronin,* for plaintiffs in error.

*Frank O. Downing, William A. Searcey,* contra.

CARLISLE, Presiding Judge. J. P. Rosamond & Sons was engaged in the construction of an oil company bulk plant at Savannah, Ga. They employed John H. Lanier to perform certain grading work in connection with the project and to install a drain pipe in an existing ditch. Lanier employed Jerry Johnson to assist in placing the pipe in the ditch, and after he had been employed some three or four hours and while he was in the ditch and on the job he was electrocuted. His three minor children filed a claim with the State Board of Workmen's Com-

pensation against Rosamond & Sons and its insurer. On the hearing, the sole issue was whether Lanier was an employee of Rosamond & Sons or of an independent contractor. The director found that he was an employee and that, consequently, Jerry Johnson was also an employee of Rosamond & Sons and directed that its insurer pay compensation to the claimants. Rosamond & Sons and its insurer appealed to the superior court which affirmed the award, and that judgment is the subject of exception in this court.

The only evidence touching on the relation between Rosamond & Sons and Lanier was the testimony of Lanier and of Mr. H. L. Rosamond, a partner in the firm. Mr. Lanier testified that he was engaged to perform the grading work, which consisted of cleaning out the existing ditch and placing drain pipe therein and grading and in filling the site in accordance with grade stakes set by Rosamond & Sons for the lump sum of $2,000; that Rosamond & Sons did not provide him with blue prints and specifications for the job, but merely showed him what they wanted done; that he had no particular time to start or finish the job, but that, naturally, he tried to get in and finish the job as quickly as possible; that the work was being done *"under their direction,"* that is, Rosamond & Sons' direction; that they continuously checked the work to see that it was being done according to their directions; that they never changed the work to be done, but could have changed it; and, that he guessed that they could have *fired* him if he had not performed the job properly. Mr. Rosamond testified that Mr. Lanier was engaged to do the grading job for a flat price of $2,000 after Mr. Lanier came out and looked at the job and they showed him what they wanted done; that he had a specific job to do; that he used his own equipment; that he hired his own employees, and that Rosamond & Sons had no control over how many men he put on the job and how and when he did the job, so long as he did it within a reasonable time and without an unreasonable delay.

"The true test in determining whether one is engaged as a servant or occupies the status of an independent contractor ordinarily lies in the answer to the question whether or not the work is to be done according to the workmen's own methods, without

being subject to the employer's control except as to results to be obtained. *Maryland Cas. Co. v. Radney,* 37 Ga. App. 286, 288 (139 SE 832). If the employer has or assumes the right to control how the work shall be done, as distinguished from the mere right to require certain definite results in conformity to the contract, the relation is that of employer and servant rather than that of employer and independent contractor. *Durham Land Co. v. Kilgore,* 56 Ga. App. 785 (194 SE 49); *Lokey v. Hightower,* 57 Ga. App. 577 (196 SE 210)." *Elliott Addressing Machine Co. v. Howard,* 59 Ga. App. 62, 64 (200 SE 340). See also *Adams v. Glens Falls Indem. Co.,* 58 Ga. App. 663, 665 (2) (199 SE 783). As was stated by Judge Nichols in *Malcom v. Sudderth,* 98 Ga. App. 674, 688 (106 SE2d 367), quoting from Maryland Casualty Co. v. Kent (Texas Civ. App.) 271 S. W. 929, 932, " 'A contractor is any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods without submitting himself to their control in respect to all its details. The true test of a contractor would seem to be that he renders service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished.' "

There was nothing in the testimony of either of the two witnesses that authorized a finding that Mr. Lanier was an employee of Rosamond & Sons. The fact that an employer continuously checks the work of an independent contractor to see that the work is being done according to the specifications of the job is thoroughly consistent with the relationship of employer and independent contractor and with the mere right of the employer to insist on a certain specific result. There is nothing in the testimony of either witness to indicate that Roasmond & Sons either had or assumed the right to control the time, manner and method of doing the work. The fact that instructions were given to Mr. Lanier as to what was to be done by pointing out and telling him orally on the job site, rather than by furnishing him with blue prints and plans and specifications, is likewise thoroughly consistent with the existence of the relationship of employer and independent contractor. So was the right to change

the work and the right to dispense with the independent contractor's services if, during the performance of the job, it appeared that he either was incapable or unwilling to do the job according to the plans and specifications. This was not a case of an indefinite employment of Mr. Lanier by J. P. Rosamond & Sons. Under the evidence, he was employed to do a specific job which contemplated a definite beginning, continuance and ending. While no time for the performance of the contract was expressly stipulated, it was mutually understood that the job was to be done within a reasonable time and without unnecessary delay. Such an agreement does not render the contract one of general employment. 99 C. J. S. 342, § 98, n. 61. The right to control the time of doing the job means the right to control the hours of work. The right to control the manner and method means the right to tell the employee how he shall go about doing the job in every detail, including what tools he shall use and what procedures he shall follow. None of these elements was present in this case. Lanier was free to work as many hours or as few hours in the day as he chose, so long as he completed the job within a reasonable time. Presumably, if by using picks, shovels and wheelbarrows he could have completed the job within a reasonable time, he was free to use those tools if he found it expedient to do so instead of using bulldozers, pans, scrapers, draglines, etc. What he used to do the job and how he went about it and how much time he spent were matters solely for his determination, so long as he produced the required results.

The evidence demanded a finding that Mr. Lanier was an independent contractor and that Jerry Johnson was his employee and not the employee of J. P. Rosamond & Sons, and it follows that the judge of the superior court erred in refusing to set aside the award of compensation against J. P. Rosamond & Sons and its insurer.

*Judgment reversed. Nichols and Eberhardt, JJ., concur.*