### 40548. EMPLOYERS INSURANCE COMPANY OF ALABAMA et al. v. AMERSON.

DECIDED FEBRUARY 25, 1964—REHEARING DENIED MARCH 6, 1964.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Warner R. Wilson, Jr.,* for plaintiffs in error.

*David L. Mincey, S. Gus Jones, Neal D. McKenney,* contra.

JORDAN, Judge. 1. The grounds of the motion to dismiss are unsupported by the record in this case and said motion is denied.

2. The exclusive authority to make findings of fact in claims under the Georgia Workmen's Compensation law is vested in the State Board of Workmen's Compensation. *American Mut. Liab. Ins. Co. v. Sims,* 62 Ga. App. 424 (8 SE2d 408). Neither the superior court nor this court has authority to substitute itself as a fact-finding body in lieu of the board. *Pacific Employers Ins. Co. v. West,* 213 Ga. 296 (99 SE2d 89); *General Acc. &c. Corp. v. Titus,* 104 Ga. App. 85 (121 SE2d 196); *Callaway Mills Co. v. Hurley,* 104 Ga. App. 811 (2) (123 SE2d 7). While the superior court in reversing an award of the board may in a proper case enter final judgment upon the findings of fact as made by the board, *Code* § 114-710; *American Mut. Liab. Ins. Co. v. Brock,* 35 Ga. App. 772 (2) (135 SE 103), if there are no findings on which an award may be made, the judge of the superior court must remand the case to the board for the purpose of making findings of fact and, where necessary, to hear new evidence. *Rutland v. Vaughn,* 96 Ga. App. 499, 500 (3) (100 SE2d 609).

The only finding made by the board on the first hearing of this case was that the claimant had failed to carry the burden of proof of showing a change in condition and upon the reversal

by this court of the judgment of the superior court affirming that award it was necessary for the case to be remanded to the board to make new findings of fact upon which to predicate an award. While it may be conceded that this court should have given such express directions upon reversal in *Amerson,* it was the clear implication of the decision that the employer should be accorded the right to a new hearing before the board in which it could present evidence in an attempt to carry its burden of showing a change in condition, said employer having been precluded from the necessity of doing so on the first hearing under the erroneous ruling of the director that the burden of proof was upon the claimant.

The reversal in *Amerson* was predicated on the conclusion that the award denying compensation was based on an erroneous theory of law and the further statement of the court that a finding was demanded "that the claimant was still suffering from the compensable injury and that to some extent it caused his loss of earnings" was a conclusion based on the evidence in the record as produced at a hearing proceeding on the theory that the claimant had the burden of proof. Such a finding might possibly not be demanded from the evidence produced at a hearing in which the employer has the burden of proof.

It necessarily follows therefore that the second award of the board, which was not predicated upon findings of fact made by the board but rather upon findings made by the superior court which was without power and authority to make the same, is "like a verdict which is wholly unsupported by any competent evidence" and is contrary to law. *Pacific Employers Ins. Co. v. West,* 213 Ga. 296, 298, supra.

The judgment of the superior court affirming said award and awarding the claimant attorney's fees in the amount of $1,000 was erroneous and must be reversed with direction that the case be remanded to the State Board of Workmen's Compensation for the purpose of hearing new evidence and entering a new award.

*Judgment reversed with direction. Bell, P. J., and Eberhardt, J., concur.*