41171. TURNER v. AMERICAN MUTUAL LIABILITY
INSURANCE COMPANY et al.

JORDAN, Judge. The claimant sustained an accidental injury arising out of and during the course of her employment on March 22, 1960, and an agreement to pay compensation was executed, this agreement being approved by the State Board

of Workmen's Compensation on October 28, 1960. On August 2, 1961, a hearing was held on the application of the employer and its insurance carrier to determine change in condition; and on April 11, 1962, the board entered an award in which it was found that from March 22, 1960, until June 2, 1961, the claimant was 100 percent disabled as the result of her injuries; that from June 2, 1961, the claimant was only temporarily partially disabled and was capable of doing selective type work; and that the claimant had unreasonably refused the selective type work offered her on June 2, 1961. Further compensation was therefore denied to the claimant from June 2, 1961, by this award, but it was provided therein that the board "shall retain jurisdiction in this award until the employee-claimant accepts the tender of a selective type work, and/or change in condition as a result thereof." No appeal was taken from this award.

On August 7, 1962, a hearing to determine change in condition was held upon application of the claimant. At this hearing the claimant testified that on July 17, 1962, she had accepted the tender of work offered to her by the employer, but that due to severe pain originating "where the old injury was," she was forced to desist from her effort and return to her home. Medical statements, introduced by the employer and insurance carrier, were to the effect that the claimant, insofar as her original injury of March 22, 1960, was concerned, had not undergone a change in condition for the worse and that she was able to do work comparable to that dealt with in the hearing held on August 2, 1961.

An award denying compensation was entered on January 3, 1963, and was appealed to the Superior Court of Spalding County where a judgment was entered remanding the case to the board for the purpose of making specific findings of fact as to whether or not the work tendered on July 17, 1962, was comparable to that dealt with in the hearing on August 2, 1961, and whether or not the claimant made a reasonable effort to perform the work tendered. Pursuant to the court's direction a new award was entered by the hearing director on July 23, 1963, in which both of these issues were decided adversely to the claimant and compensation was again denied. This award was affirmed by the full board on November 20, 1963.

The exception is to the judgment of the Superior Court of Spalding County of December 4, 1964, affirming the award of the full board denying compensation. *Held:*

Under the Workmen's Compensation Act, "If an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the State Board of Workmen's Compensation such refusal was justified." *Code* § 114-407; *Keel v. American Employers Ins. Co.*, 44 Ga. App. 773 (1) (162 SE 847).

The award of April 11, 1962, from which no appeal was taken, was res judicata of the fact that the claimant, as of June 2, 1961, was able to do selective type work and that she had unreasonably refused the selective type work offered her on that date by her employer; and the finding in the award of the hearing director of July 23, 1963, that the work tendered to the claimant on July 17, 1962, was comparable to that which she had unreasonably refused to accept on June 2, 1961, was fully authorized by the evidence. Accordingly, in view of the medical evidence adduced at the hearing upon which this award was predicated, which authorized the finding that the claimant, insofar as her original injury of March 22, 1960, was concerned, had not undergone a change in condition for the worse and was fully able to do work comparable to that which she had refused on June 2, 1961, the award denying compensation was authorized by the evidence. *Owensby v. Riegel Textile Corp.*, 104 Ga. App. 800 (123 SE2d 147); *Rutland v. Vaughn*, 96 Ga. App. 499 (100 SE2d 609).

The Superior Court of Spalding County did not err therefore in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*

ARGUED MARCH 15, 1965—DECIDED APRIL 15, 1965.

*Albert P. Feldman,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, Harry L. Greene, Thomas B. Branch, III,* contra.