47203.   COOPER v. PRICE et al.

PER CURIAM. The judgment granting appellee's motion for summary judgment was dated and filed with the clerk of the superior court on February 22, 1972. The notice of appeal was filed on February 4, 1972. The decisions of the Supreme Court of Georgia require that the motion to dismiss the appeal be granted. *Bonzheim v. Bonzheim,* 227 Ga. 478 (181 SE2d 363); *Benton v. Smith,* 226 Ga. 722 (177 SE2d 228); *Gibson v. Hodges,* 221 Ga. 779 (142 SE2d 329).

*Appeal dismissed. Hall, P. J., Pannell and Quillian, JJ., concur specially.*

SUBMITTED MAY 4, 1972—DECIDED MAY 9, 1972—
REHEARING DENIED JUNE 21, 1972.

*King & Phipps, Elliott Holden,* for appellant.

*Young, Young & Ellerbee, F. Thomas Young, Walker, Yancey & Gupton, Reuben H. Yancey,* for appellees.

HALL, Presiding Judge, concurring specially. In my opinion this appeal should not be dismissed. *Chambliss v. Hall,* 113 Ga. App. 96, 98 (147 SE2d 334); Crump v. Hill, 104 F2d 36, 38. Nevertheless, this court is bound by the precedents established by the Supreme Court of Georgia. *Code Ann.* § 2-3708. The record shows a final judgment has been entered in the case. While an appellant is not prejudiced by the dismissal of a true interlocutory appeal (*Rockmart Finance Co. v. High,* 118 Ga. App. 351 (163 SE2d 758)), a dismissal such as the one here forever bars a subsequent appeal from the final judgment.

Appellant contends that the Supreme Court's decision in *Gibson v. Hodges,* supra, was swept away by a 1968 amendment to the Appellate Practice Act. *Code Ann.* § 6-809 (d). I would agree; however, this court is bound by the Supreme Court's decision in *Bonzheim* and *Benton,* supra.

At the past session of the General Assembly, an Act was passed allowing a notice of appeal to be amended. It will

not become effective however until July 1, 1972. Ga. L. 1972, p. 624.

PANNELL and QUILLIAN, Judges, concurring specially. We are bound by that which is stated in the per curiam opinion in the case sub judice, and therefore must concur in the dismissal of this appeal under the authority of *Benton v. Smith,* 226 Ga. 722 (177 SE2d 230).