## 53275. COASTAL TIMBERLANDS, INC. v. BROWN.

WEBB, Judge.

This is a workmen's compensation case in which appellant Coastal Timberlands, Inc., alleged to be the employer of the deceased timber producer, contends that the decedent was an independent contractor since he hired and paid his own crew, used his own equipment, purchased his own supplies, was paid by Coastal a certain amount per thousand board feet produced without deduction for social security or withholding taxes, and in general "ran his operation as he pleased," the only specifications of Coastal being as to the size of the timber to be cut and the area to be cut from on land leased by Coastal.

The board nevertheless made a finding of fact that an employer-employee relationship existed between Coastal and the decedent, and Coastal assails that finding in enumeration of error 2 on the ground that "there was no competent evidence to support a finding of fact that an employer-employee relationship existed between Coastal Timberlands, Inc. and E. J. Brown."

This challenge to the findings is developed in Coastal's brief with further charges of "no evidence whatsoever," "no testimony at the hearing," "no competent evidence whatsoever," "no competent evidence," "findings of fact is not supported by competent evidence and, in fact, is contrary to the evidence," and "discrep-

ancies in the testimony and the findings of fact."

To this claim of no evidence appellee has failed in her brief to comply with this court's Rule 18 (c) (3) (iv) (Code Ann. § 24-3618 (c) (3) (iv)): "In defending against a contention that certain findings, rulings, or other matters are not supported by any evidence, counsel shall, by references to particular pages of the transcript, point out where supporting evidence may be found." In an effort to reach the issues of this case on its merits, however, we have without benefit of the required references carefully reviewed the transcript of testimony before the administrative law judge, and we fail to find any supporting evidence to take the case out of the rule enunciated in *Lyons v. Employers Mut. Liab. Ins. Co.*, 127 Ga. App. 268, 278 (193 SE2d 244) (1972).

Coastal did instruct Brown as to boundaries of the tract from which timber was to be removed, tell him when Coastal wanted hardwood rather than other types of timber, and to which lumber yard the timber was to be delivered. Apparently Coastal also let Brown have one of its saws. On the other hand, Brown was free to cut or not cut as he chose, paid his own employees, furnished his own equipment other than the saw that he had borrowed from Coastal, used his own truck, paid for his gas and operating expenses, and was free to cut and sell timber from property other than that which he had contracted with Coastal to cut. Coastal paid him by the unit according to its agreement, made no deduction for social security taxes, and never treated him as an employee. Brown described himself as "self-employed" when he was admitted to the hospital following his injury. We find no basis for holding that there was a relationship of master and servant, but rather that there was a relationship between Coastal and Brown of employer-independent contractor. The record contains no evidence to support a conclusion that Coastal controlled or attempted to control the activities of Brown beyond that to which it was entitled under the terms of its understanding with Brown, and there was never in any wise an inconsistency with the relationship of employer-independent contractor.

*Judgment reversed. Bell, C. J., Marshall, Smith, and Shulman, JJ., concur. Deen, P. J., Quillian, P. J., and*

*McMurray, J., dissent.*

ARGUED JANUARY 7, 1977 — DECIDED MARCH 16, 1977 —
REHEARING DENIED MARCH 31, 1977 —

*Jones, Jones & Hilburn, James V. Hilburn,* for appellant.
*Denmark Groover, Jr.,* for appellee.

DEEN, Presiding Judge, dissenting.
I cannot agree that there is no evidence to support the award. "Neither Superior Court nor Court of Appeals has any authority to substitute itself as fact finding body in lieu of the Board of Workmen's Compensation. *Employers Insurance Co. v. Amerson,* 109 Ga. App. 275 (136 SE2d 12)." *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65). See also *Continental Cas. Co. v. Weise,* 136 Ga. App. 353 (221 SE2d 461). I set out below the statement of facts as found by the administrative law judge and as adopted after a de novo consideration by the full board. These statements are a part of a judicial order and therefore prima facie entitled to be accepted, and I can find no place either in the majority opinion or the brief of counsel where it is established that they are erroneous or contain recitations of "fact" not actually in the transcript. The burden would be on the appellant to show that such a summary of the evidence contains mistakes. I do not find wherein the appellant has carried it.
The findings of fact in the award are as follows:
"Having considered all of the testimony, as well as the documentary evidence submitted, subject to applicable rules of evidence, I find in fact: That Coastal Timberlands, Inc. had more than five employees in Georgia on May 30th, 1973 at the time E. J. Brown allegedly suffered an accidental injury in Baldwin County, Georgia. At the request of the parties, the hearing was held in Bibb County, Georgia.
"I find that on May 30th, 1973 while unloading a load of logs at a lumber company (either Hodges Lumber Company or Newton Lumber Company) in Milledgeville, Georgia, a log fell on E. J. Brown's right leg resulting in

compound fractures of the tibia and fibula. I find that at the time of his injury, E. J. Brown had pre-existing conditions consisting of heart disease, kidney disease, gout, high blood pressure and that he had sustained renal damage secondary to his hypertension.

"I find that the injuries to his right leg required surgery on two occasions and I further find that the trauma of the injury and the required surgery constituted a contributing proximate cause of his death which occurred on June 22nd, 1973.

"I find that Coastal Timberlands, Inc. was notified of E. J. Brown's injury on or about May 31st, 1973, when Mrs. E. J. Brown called the office and spoke with the secretary of the Vice-President of the corporation. I further find that the employer had knowledge of both the accident and death as required by Georgia Code § 114-303 within 30 days (T-25, T-51).

"I find that there was no written contract between E. J. Brown and Coastal Timberlands, Inc. The Georgia cases state that the chief test as to whether the relation of independent contractor exists is whether the contract gives or the employer assumes the right to control the time, manner and method of executing the work.

"I find that in April or May, 1971, Coastal Timberlands, Inc. engaged E. J. Brown to cut timber from a tract which it had leased in Wilkinson and Baldwin Counties. I find that E. J. Brown was to be paid $22.00 per thousand board feet for pine timber delivered to the company mill in Gray, Georgia with the payment to be $30.00 per thousand feet for hardwood timber. I find that their contract was not for any specific period of time although the lease between the company and the landowner did expire at a time certain.

"I find that in addition to specifying the size of timber to be cut at a specified distance from the ground, E. J. Brown was instructed what portion of the tract he could start cutting on and that another cutter had already started on the other side of the road.

"I further find that E. J. Brown was instructed on various occasions as to what types of timber and the required length thereof he should cut the next few days. I find that when E. J. Brown delivered a load of timber to

the company mill in Gray, Georgia, it was unloaded by hourly employees of defendant.

"I find that as time passed, defendant assumed the right to require E. J. Brown to make delivery at points other than the company mill in Gray, Georgia. I find that in such instances, the timber had been sold at a favorable price before E. J. Brown removed it from the leased tract. I further find that E. J. Brown did not receive any increased monetary return although he not only was required to drive his truck to different locations but was left with the job of unloading the truck which was a function admittedly performed by recognized employees of defendant. It is significant to note that he was performing just such a function at the time of his injury and that the injury occurred at the premises of a lumber company not owned by defendant.

"I find that from the inception of the contract until his death, E. J. Brown cut timber only for defendant except on one occasion when due to bad weather defendant's tract was inaccessible.

"I find that defendant furnished E. J. Brown some equipment including a saw but that most of the equipment was furnished by E. J. Brown. I further find that E. J. Brown hired and paid the two or three men who assisted him in cutting and removing the timber from defendant's leased tract.

"I find that under defendant's construction of the agreement, E. J. Brown could have quit after removing one load of timber and the company did not feel that it had obligated him to any particular length of service. I find that, by the same token, defendant could have terminated E. J. Brown's services if he refused to deliver the lumber to a point other than the company mill at Gray, Georgia. I find that these facts are incompatible with the existence of a true independent contractor status. Assuming that there was competent evidence submitted to establish the original contract (See Georgia Code § 38-1603), the defendant assumed control of the time, manner and method of executing the work, particularly in assuming the right to direct E. J. Brown to deliver at other points than Gray, Georgia without added reimbursement. In any event, I find that this amount of control exercised by

defendant resulted in E. J. Brown being an employee of defendant. In attempting to establish the terms of the verbal contract it is noteworthy that defendant did not call the President of defendant corporation as a witness although he was present at the time the contract was entered into and his absence as a witness was not accounted for in any manner. (See Georgia Code § 38-119.)

"I find that the facts of the instant case are more similar to those set forth in *Love Lumber Company vs. Thigpen,* 42 Georgia App. 83, and *Liberty Lumber Company vs. Silas,* 49 Ga. App. 262, than to cases reaching a contrary result.

"I therefore find that E. J. Brown, employee of defendant, did sustain an accident arising out of and in the course of his employment when on May 30th, 1973, he drove his truck to Milledgeville, Georgia, pursuant to the directions of his employer and was injured when a log fell on his right leg while he was in the process of unloading the truck.

"I find that E. J. Brown was married to Evelyn Louise Pitts on April 20th, 1964, that they continued to live together until the time of his death and that she is his lawful widow. Although some evidence was introduced which appeared to contest the validity of this marriage, there was no evidence introduced to show that Evelyn Brown's former spouse was still in life when the second marriage took place and therefore the burden did not shift to the widow/claimant to establish that her first marriage was dissolved by divorce. (See 103 Ga. App. 889.)

"I further find that there were two children born of this marriage, namely Rosland Dennen Brown, born September 15th, 1964; and Darryl La Ron Brown, born October 5th, 1965, and I find that the widow and two children are the sole dependents of E. J. Brown, deceased.

"I further find that by reason of his injuries E. J. Brown incurred medical expenses reasonable in amount as expenses of his last illness as follows:

| | |
|---|---|
| Medical Center of Central Georgia | $2,056.32 |
| Dr. John I. Hall | 315.00 |
| Dr. Milledge C. Newton | 80.00 |
| Baldwin County Hospital | 38.00 |

"I further find that burial expense has been incurred

as follows:

Collins Funeral Home                 $1,095.00

"I find that E. J. Brown, deceased, earned an average weekly wage of at least $97.50 per week.

"There was no attorney fee contract submitted for approval."

It is my opinion that the above constitutes "some evidence" of every essential fact necessary to be proved. "The award of the State Board of Workmen's Compensation should be affirmed if there is any evidence to sustain it, even though the evidence is not altogether complete and satisfactory. *Fireman's Fund Ins. Co. v. New,* 110 Ga. App. 596 (139 SE2d 343)." *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174, 175 (196 SE2d 129). I therefore believe the judgment of the superior court should be affirmed.

I am authorized to state that Presiding Judge Quillian and Judge McMurray join in this dissent.