## 55232. RUCKER v. UNIVERSAL MEMORIAL COMPANY, INC.

BIRDSONG, Judge.

Rucker appeals from the reversal by the superior court of an award of workmen's compensation made by the administrative law judge and affirmed by the board of workmen's compensation. The basis of the reversal is that the claimant Rucker did not give adequate notice to his employer of the job-related injury and that there is insufficient evidence to distinguish a pre-existing injury from the claimed present injury. The record shows Rucker complained that on a day certain while on the job and performing duties related to his employment, he suffered a back injury and while still on the job on the day of the injury informed the agent of his employer, that he had injured his back. Rucker also testified that he had been able to work prior to the injury but not since. Two medical witnesses verified the back injury and both testified by deposition that the injury sustained was causally consistent with the work being performed by the claimant at the time the injury occurred. Opposed to this testimony were the employer's assertions that no proper notice was given, that Rucker had previous back trouble, and that Rucker did not clearly indicate to the treating physicians that his back injury occurred while on the job. *Held:*

Though the reviewing court acknowledged the applicability of the "any evidence" rule, the superior court concluded that the fact finding body, i.e., the administrative law judge and the State Board of Workmen's Compensation, disregarded uncontradicted, unimpeached testimony and made findings contrary to the plain and convincing evidence and in plain disregard of the sworn testimony. See, e.g., *Amer. Mut. Liab. Ins. Co. v. Gunter,* 74 Ga. App. 500, 515 (40 SE2d 394).

In the first place, we note that at no time during the hearing did either party raise the issue of a pre-existing injury, except as it may have related to a failure to report an injury. Moreover, we are unable to perceive the applicability of the "uncontradicted evidence" rule inasmuch as evidence of notice, though disputed, was clearly presented to the fact finder. While the fact finder is

empowered to sift the evidence, accepting that which it finds most credible and rejecting that which is less convincing, the appellate court, particularly in workmen's compensation cases, does not have such authority. Such cases provide that, upon appeal from an award of the State Board of Workmen's Compensation granting compensation, the evidence will be construed in a light most favorable to the prevailing party. *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180). Also, a finding of fact by an administrative law judge or the State Board of Workmen's Compensation, when supported by any evidence, is conclusive and binding on a reviewing court and the judge of the superior court does not have any authority to set aside an award based upon these findings of fact merely because he disagrees with the conclusions reached therein. *Turner v. Baggett Transportation Co.,* 128 Ga. App. 801, 804 (198 SE2d 412); *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305 (3) (121 SE2d 689). See *Speight v. Container Corp.,* 138 Ga. App. 45, 46 (225 SE2d 496). Thus the award of the State Board of Workmen's Compensation should be affirmed if there is any evidence to sustain it, even though the evidence is not altogether complete and satisfactory. *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174, 175 (196 SE2d 129). Accordingly, the superior court erred in reversing the award of the administrative law judge as approved by the State Board of Workmen's Compensation.

In view of the apparently persuasive arguments presented to the superior court on this appeal, we will not conclude that the appeal taken from the award of the State Board of Workmen's Compensation was frivolous. Consequently, we will affirm the superior court in its denial of the motion for the grant of attorney fees sought pursuant to Code Ann. § 114-712 (Ga. L. 1920, p. 201, as amended). Otherwise, the judgment of the superior court is reversed and remanded to that court with direction to enter judgment sustaining the award for the claimant.

*Judgment affirmed in part and reversed in part with direction. Bell, C. J., and Shulman, J., concur.*

Argued January 30, 1978—Decided April 4, 1978 —
Rehearing denied April 25, 1978.

*Jones, Wilson & Tomlinson, John J. Jones, James M. Rudder, Jr., Harrison V. Turner,* for appellant.
*Best & Woodson, Richard W. Best,* for appellee.