## 55870. HOME INDEMNITY COMPANY et al. v. SWINDLE.

BIRDSONG, Judge.

Workmen's compensation. The appellee, Mattie Lou Swindle, was injured and filed a claim for benefits with the State Board of Workmen's Compensation. The administrative law judge found that appellee's injury did not arise out of her employment, and therefore denied her claim for benefits. Upon application for review, the State Board of Workmen's Compensation (board) considered the evidence de novo, reversed the administrative law judge's decision, and awarded benefits to appellee. The Superior Court of Madison County affirmed the findings and award of the board, and Home Indemnity Co., insurance carrier for appellee's employer, appeals. We affirm. *Held:*

1. "[U]pon appeal from an award of the State Board of Workmen's Compensation granting compensation, the evidence will be construed in a light most favorable to the prevailing party. [Cit.] Also, a finding of fact by an administrative law judge or the State Board of Workmen's Compensation when supported by any evidence, is conclusive and binding on a reviewing court . . . [Cits.]" *Rucker v. Universal Memorial Co.,* 145 Ga. App. 724, 725. Viewed according to these rules, the evidence showed that appellee was injured immediately after a regularly scheduled 2 p.m. work break had begun. Appellee testified that her employer had, in the past, asked her to work during this break period, and that she had regularly done so. Notwithstanding the administrative law judge's finding, the board found appellee's "testimony to be worthy of belief" and concluded that, although the scheduled break period had begun, appellee was performing activity in the interest of her employer and was therefore entitled to compensation for injury resulting from such activity.

2. The general rule, in "lunch break" or "rest break" cases, is that, "where the employee is free to use the time as he chooses so that it is personal to him, an injury occurring during this time arises out of his individual pursuit and not out of his employment. [Cits.] Of course, if

the employee sustains an injury while conducting the employer's business or following job-related instructions during the 'break,' the injury is compensable. [Cits.]" *Wilkie v. Travelers Ins. Co.,* 124 Ga. App. 714, 715 (185 SE2d 783). Furthermore, in order to receive entitlement to workmen's compensation benefits, "[a] claimant need not be solely pursuing the strict duties of employment. As long as he is doing 'something in the interest of his employer which is reasonably necessary and incidental to his regular work, compensation is payable.' *Pike v. Maryland Casualty Co.,* 107 Ga. App. 49 (129 SE2d 78)." *Hall v. West Point Pepperell,* 133 Ga. App. 24, 26 (209 SE2d 659). Finally, this court has held that "once a claimant has introduced evidence establishing that the accident or injury occurred on the employer's premises during the regularly scheduled work day, even though the claimant was on break when it happened, it falls on the employer's shoulders to introduce evidence to show that the break was a scheduled one during which the claimant was not subject to the employer's demands or control." *Rampley v. Travelers Ins. Co.,* 143 Ga. App. 612, 614 (239 SE2d 183).

Thus, although the evidence was conflicting, it was sufficient to authorize the board's conclusion that appellee was entitled to compensation. See *Parker v. Travelers Ins. Co.,* 142 Ga. App. 711 (236 SE2d 915); *Hall v. West Point Pepperell,* supra; *State Dept. of Labor v. Yates,* 131 Ga. App. 71 (205 SE2d 36).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED MAY 22, 1978 — DECIDED JULY 3, 1978.

*Swift, Currie, McGhee & Hiers, George L. Pope, Jr.,* for appellants.

*Albert L. Stone, Jr.,* for appellee.