77858. STATE OF GEORGIA v. GOOLSBY.
(381 SE2d 299)

CARLEY, Chief Judge.

In February of 1987, the Grand Jury of Columbia County began the investigation of possible criminal activity on the part of the local sheriff. In anticipation of his own disqualification to participate therein, the District Attorney of the Augusta Judicial Circuit inquired whether appellee-claimant Kenneth Goolsby, a former district attorney who is now engaged in private practice, would accept an appointment as special counsel. After receiving assurances that he would be afforded full independence in the conduct of the investigation, appellee accepted the appointment. Accordingly, on February 11, 1987, the district attorney formally appointed appellee special counsel "with all rights, duties and obligations appurtenant to that office, said appointment to continue at the pleasure of the District Attorney."

Thereafter, appellee continued his private legal practice but devoted most of his time to the criminal investigation. Appellee was compensated at an hourly rate by Columbia County, and at no time did he receive compensation from the State of Georgia. On February 26, 1987, while engaged in his employment as special counsel, appellee was involved in an automobile collision. As the result of the injuries that he received, appellee filed a claim for workers' compensation.

The Administrative Law Judge found that appellee was not an independent contractor and was entitled to receive workers' compensation benefits from Columbia County. The Full Board, after a de novo review, found that appellee was not an independent contractor and was entitled to receive workers' compensation benefits from the state. On appeal to the superior court, the award to appellee of workers' compensation benefits from the state was affirmed. The present appeal results from this court's grant of the state's application for a discretionary appeal from the superior court's affirmance of the Full Board's award.

1. If, as a matter of law, appellee was an independent contractor, then any question of whether he would be entitled to workers' compensation from Columbia County or from the state becomes moot. Accordingly, the issue of appellee's status as an independent contractor will be addressed first.

"The district attorney in each judicial circuit may employ such additional assistant district attorneys, deputy district attorneys, or other attorneys, investigators, paraprofessionals, clerical assistants, and other employees or *independent contractors* as may be provided for by local law or as may be authorized by the governing authority of the county or counties comprising the judicial circuit. The district attorney shall define the duties and fix the title of any attorney or other employee of the district attorney's office." (Emphasis supplied.) OCGA § 15-18-20 (a). Appellee was not appointed to serve as a full-time general employee of the district attorney. Notwithstanding his appointment, appellee maintained his private law practice and the district attorney defined appellee's duties as relating exclusively to the conduct of the criminal investigation of the local sheriff and the district attorney fixed appellee's title as special counsel for that particular investigation. It is undisputed that the control of that investigation was intended to be in the hands of appellee rather than of the district attorney. This is affirmatively shown by testimony that appellee's independence was a condition of his acceptance of the appointment. It is also inferentially shown by the ostensible disqualification of the district attorney from participation in the investigation. If, notwithstanding his purported disqualification, the district attorney nevertheless intended to exercise control over appellee's conduct of the investigation, then his appointment of appellee as a special counsel was a sham. There is evidence that, subsequent to his appointment, appellee did receive guidance and help from the district attorney. There is, however, no evidence that the district attorney undertook the control of the investigation. In fact, the evidence shows that the district attorney placed one of his own assistants under appellee's supervision and control and that this assistant considered that it was appellee and not the district attorney who was in control of the inves-

tigation. The only evidence of any "control" over appellee is that his service as special counsel was "at the pleasure" of the district attorney. However, the district attorney's retention of this right of "control" is not necessarily inconsistent with appellee's status as an independent contractor. If the appointment to serve "at the pleasure" of the district attorney is interpreted as meaning that, although the district attorney would not retain the general right to control the time, manner and method of the investigation, he would retain the limited right to insure that an otherwise independent investigation of the local sheriff was conscientiously pursued by appellee, this is consistent with the right of an employer of an independent contractor to insist that the job that was contracted for is done according to specifications.

" 'The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as contradistinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. [Cits.]' [Cit.]. . . . [T]he continuous check of 'the work of an independent contractor to see that the work is being done according to the specifications of the job is thoroughly consistent with the relationship of employer and independent contractor and with the mere right of the employer to insist on a certain specific result.' . . . '[T]he right to change the work and the right to dispense with the independent contractor's services if, during the performance of the job, it appeared that he either was incapable or unwilling to do the job according to the plans and specifications' [is] consistent with the independent contractor relationship. 'The right to control the manner and method means the right to tell the employee how he shall go about doing the job in every detail, including what tools he shall use and what procedures he shall follow' . . . ." *Simpkins v. Unigard Mut. Ins. Co.*, 130 Ga. App. 535, 538 (1) (203 SE2d 742) (1974).

"*[N]othing else appearing,* . . . evidence as to the power to terminate the employment alone is sufficient evidence to authorize a finding that the [employer] had the right to control the time, manner and method of doing the work." (Emphasis supplied.) *Golosh v. Cherokee Cab Co.*, 226 Ga. 636, 638 (176 SE2d 925) (1970). However, there is considerably more in the present case than the evidence that appellee's appointment as special counsel was "at the pleasure" of the district attorney. Appellee maintained his status as a private attorney and was appointed special counsel for the limited purpose of conducting a particular investigation on behalf of Columbia County. He

insisted on independence in the conduct of the investigation and the district attorney granted that independence. Appellee is a professional engaged in the private practice of law and, as an experienced former district attorney himself, he needed no supervision in conducting the investigation he was hired to handle. There is no evidence that the district attorney did in fact control and direct appellee in the conduct of the criminal investigation of the local sheriff. See generally *Moss v. Central of Ga. R. Co.*, 135 Ga. App. 904, 906 (219 SE2d 593) (1975). Considering all of the other circumstances, that appellee's appointment was "at the pleasure" of the district attorney is not inconsistent with his status as an independent contractor. See *Simpkins v. Unigard Mut. Ins. Co.*, supra. On this undisputed evidence, appellee was, as a matter of law, an independent contractor who accepted Columbia County as one of his clients. "Of course, a lawyer or firm in general practice does not become the employee of a client merely by accepting an annual or monthly retainer fee." Larson, Law of Workers' Compensation, 1c, § 45.32 (d), p. 8-241 (1986). He was no less an independent contractor than any other attorney who agrees to exercise his own professional judgment in representing a client in a specific legal matter for a fee. Although appellee was devoting the majority of his time to the criminal investigation, there is no evidence that this was the consequence of anything other than appellee's own independent determination that, of all his clients, Columbia County merited current priority. Compare *Industrial Comm. v. Moynihan*, 32 P2d 802, 803 (Colo. 1934), wherein the evidence showed the attorney was employed "regularly, and by the terms of the employment his time and services were subject to the call of his employer." As an independent contractor, appellee is ineligible to recover workers' compensation benefits from either Columbia County or from the state. See generally *Coastal Timberlands v. Brown*, 141 Ga. App. 800 (234 SE2d 373) (1977); *Employers Mut. &c. Ins. Co. of Wausau v. Johnson*, 104 Ga. App. 617 (122 SE2d 308) (1961). It follows that the superior court erred in affirming rather than reversing the award.

2. Remaining enumerations of error need not be addressed.

*Judgment reversed. Birdsong, Sognier, Benham and Beasley, JJ., concur. Deen, P. J., McMurray, P. J., Banke, P. J., and Pope, J., dissent.*

Deen, Presiding Judge, dissenting.

I must respectfully dissent. It is well-established that when an appeal is taken from an award of the State Board of Workers' Compensation granting compensation the evidence must be construed by this court in a light most favorable to the prevailing party and cannot be reweighed on appeal. Any finding of fact by either an administrative law judge or the full board, when supported by any evidence, is

conclusive and binding upon the court to which such an appeal is taken. *Home Indem. Co. v. Swindle,* 146 Ga. App. 520 (246 SE2d 507) (1978). An appellate court must accept that evidence most favorable to sustain the award. *Continental Cas. Co. v. Bennett,* 69 Ga. App. 683 (26 SE2d 682) (1943). The issue on appeal is whether there is "any evidence" to authorize a finding in accordance with the contentions of the party who prevailed before the full board. *Cobb Gen. Hosp. v. Burrell,* 174 Ga. App. 631 (331 SE2d 23) (1985). OCGA § 34-9-105 (c) sets forth the grounds for setting aside a board decision, and any application of Division (3), "[t]he facts found by the members do not support the decision," requires application of the "any evidence" rule to board decisions. A review of the record indicates that there is ample evidence to support the claim for compensation under the above-stated rule, and the decisions of the full board and the superior court should be affirmed.

Further, our decision in this case is consistent with this court's general policy of construing the provisions of the Workers' Compensation Act liberally in order to afford the injured claimant a remedy. "The case, though it has many sprangles in the record, has a solid nucleus which controls it." *Kirkland v. Wade,* 61 Ga. 478, 481 (1878).

I am authorized to state that Presiding Judge McMurray, Presiding Judge Banke, and Judge Pope join in this dissent.

## ON MOTION FOR REHEARING.

"We are fully aware of the well-established rule in respect to the finality and binding effect of the findings and award of the State Board of [Workers'] Compensation, when supported by any competent evidence; but as was said in [*Aetna Cas. & Sur. Co. v. Honea,* 71 Ga. App. 569, 571-572 (31 SE2d 421) (1944)]: 'While it has been ruled in numerous decisions of the Supreme Court and this court, that findings of fact by the State Board of [Workers'] Compensation, if supported by any competent evidence, are conclusive, in the absence of fraud, and can not be set aside by the courts; still, where there is no conflict in the evidence and but one legal conclusion can be reached therefrom . . ., then a finding by the board granting compensation can, and under the law, should be set aside by the court.'" *Gay v. Aetna Cas. &c. Co.,* 72 Ga. App. 122, 125 (33 SE2d 109) (1945), overruled on other grounds *Federal Ins. Co. v. Coram,* 95 Ga. App. 622 (98 SE2d 214) (1957). There is no conflict in the evidence in this case. Compare *Reliance Ins. Co. v. Ham,* 130 Ga. App. 382 (203 SE2d 315) (1973). Although appellee was to serve "at the pleasure" of the district attorney, the remaining undisputed evidence as to the district attorney's lack of a right to control appellee in his capacity as special counsel cannot be eliminated from consideration. "[D]irect and posi-

tive testimony cannot arbitrarily be rejected by a jury or other trier of facts. . . ." *Maddox v. Buice Transfer &c. Co.*, 81 Ga. App. 503, 506 (59 SE2d 329) (1950). Here, as in *Coastal Timberlands v. Brown*, 141 Ga. App. 800 (234 SE2d 373) (1977) and *Employers Mut. &c. Ins. Co. of Wausau v. Johnson*, 104 Ga. App. 617 (122 SE2d 308) (1961), the undisputed evidence of record demanded a finding that appellee was an independent contractor notwithstanding the Full Board's finding that he was an employee of the district attorney. In holding that the Full Board's finding is erroneous, we are adhering to, not deviating from, the "any evidence" rule. Considering all of the undisputed evidence, there is none which would authorize a finding that appellee was an employee.

*Motion for rehearing denied. Carley, C. J., Birdsong, Sognier and Benham, JJ., concur. Beasley, J., concurs in judgment only. Deen, P. J., Banke, P. J., McMurray, P. J., and Pope, J., dissent.*

DECIDED MARCH 8, 1989 —
REHEARING DENIED MARCH 30, 1989 — 

*Nixon, Yow, Waller & Capers, Paul H. Dunbar III, E. Freddie Sanders,* for appellant.
*Burnside, Wall & Daniel, Thomas R. Burnside, Jr., Harry D. Revell,* for appellee.