## S90A0689. RBF HOLDING COMPANY et al. v. WILLIAMSON.
### (397 SE2d 440)

BELL, Justice.

We granted certiorari in this case to consider whether Williamson, who performed part-time general maintenance work for RBF Holding Company (RBF), was an employee of RBF (as opposed to an independent contractor), and thus entitled to workers' compensation for injuries suffered while working for RBF. The administrative law judge ruled that Williamson was an employee of RBF and awarded benefits. The State Board of Workers' Compensation affirmed the administrative law judge's ruling, and the superior court affirmed the ruling of the Board. The Court of Appeals then denied RBF's application to appeal, and we granted certiorari. We now reverse.

Courts on appeal are bound by a finding of the Board if there is any competent evidence to support it. However, if there is no conflict in the evidence, and but one legal conclusion can be reached therefrom, a finding contrary to that conclusion should be set aside. *State v. Goolsby*, 191 Ga. App. 161, 165 (381 SE2d 299) (1989). In the instant case we find that the record leads to but one legal conclusion — that Williamson was not an employee of RBF.

> " 'The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as contra-distinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. . . .' 'The right to control the manner and method means the right to tell the employee how he shall go about doing the job in every detail, including what tools he shall use and what procedures he shall follow.' . . ." [*State v. Goolsby*, supra, 191 Ga. App. at 163 (1) (quoting *Simpkins v. Unigard Mut. Ins. Co.*, 130 Ga. App. 535, 538 (1) (203 SE2d 742) (1974)).]

"The right to control the time of doing the job means the right to control the hours of work." *Employers Mut. Liab. Ins. Co. v. Johnson*, 104 Ga. App. 617, 620 (122 SE2d 308) (1961).

The record in the instant case establishes, without conflict, that RBF did not have the right to control the time, method, and manner of Williamson's work. Williamson started and finished jobs at his own schedule; Williamson refused jobs when it conflicted with his full-time

job or with personal plans such as hunting; Williamson used his own tools in performing work for RBF; and Williamson testified unequivocally that as long as he got the work done, RBF did not care how he did it.

For these reasons we conclude that Williamson was not an employee of RBF.

*Judgment reversed. All the Justices concur, except Smith, P. J., Hunt and Benham, JJ., who dissent.*

DECIDED NOVEMBER 8, 1990.

*Cone & Shivers, Benjamin J. Johnson,* for appellants.
*Byars & Slappey, William Alexander Byars,* for appellee.