A98A2008. TEACHERS' RETIREMENT SYSTEM OF THE STATE OF GEORGIA v. FOREHAND.
(506 SE2d 913)

ELDRIDGE, Judge.

The Teachers' Retirement System of the State of Georgia ("TRS") sought to suspend the retirement benefits of David Arthur Forehand ("Forehand"), who had retired under the system in 1991 after 30 years of service, and to recoup benefits that it contended had been improperly paid to Forehand in 1996, 1997, and 1998, when TRS contended Forehand had been reinstated to service. See OCGA § 47-3-127. At the time of Forehand's retirement, he had served the last three years of service as the superintendent of the Crisp County schools.

In May 1996, the Mitchell County Board of Education ("Board") contacted Forehand to work as a consultant, because the Mitchell County School Superintendent was resigning and leaving. The Board wanted to hire Forehand as a consultant to come in and hold the system together while the Board sought to employ a superintendent. Neither the Board nor Forehand wanted to create the relationship of employer-employee; therefore, the written contract between the Board and Forehand was worded as an independent contractor relationship so as to permit Forehand to act as a consultant to supply the function and duties of a school superintendent for the county.

TRS contended that Forehand had been restored to service within the meaning of OCGA § 47-3-127 (a), because he had acted in the same role as school superintendent when he retired and he had resumed such role for the Board. Forehand contended that he was a bona fide consultant and that the Board did not control the time, manner, and method of his work, but only had the right to assure compliance with the performance of the results as required under the contract.

Forehand brought an action seeking a temporary and permanent

injunction to prevent TRS from suspending his retirement benefits and seeking to collect the alleged wrongly paid benefits. TRS answered and counterclaimed that Forehand had breached the statutory retirement contract by returning to service while seeking continued benefits. After an evidentiary hearing, on March 23, 1998, the Crisp County Superior Court made findings of fact and conclusions of law in granting a permanent injunction against TRS and found that the Board had no right to control the time, manner, and method of Forehand's employment and that he had no duty to notify TRS or make an election under OCGA § 47-3-127. TRS appeals.

The sole enumeration of error is "whether it was error for the Superior Court of Crisp County to conclude that Appellee/Plaintiff provided services as Superintendent of the Mitchell County Board of Education as an 'independent contractor' thereby enjoining the Appellant Teachers' Retirement System from suspending the payment of his retirement benefits pursuant to OCGA § 47-3-127[1] and dismissing its counterclaim for repayment of retirement benefits received while employed as a teacher[.]"

Under the "clearly erroneous" standard of review of the findings of fact of the trial court, the trial court must be affirmed. "Findings of fact made by a trial court in a nonjury trial may not be set aside unless they are clearly erroneous. [Cit.]" *Swafford v. Bradford*, 225 Ga. App. 486, 488 (1) (484 SE2d 300) (1997); accord *Macon-Bibb County Indus. Auth. v. Central of Ga. R. Co.*, 266 Ga. 281, 282 (1) (466 SE2d 855) (1996). "Under the 'clearly erroneous' test, we will not disturb the trial court's factual findings if there is any evidence to sustain them. [Cit.] Furthermore, we must construe the evidence to uphold the judgment. [Cit.]" (Punctuation omitted.) *Morrow v. Vineville United Methodist Church*, 227 Ga. App. 313, 317 (2) (489 SE2d 310) (1997).

Since this is an appeal from the grant of a permanent injunction, then "the standard of review is whether or not the trial court manifestly abused its discretion. [Cit.]" *Caring Hands, Inc. v. Dept. of Human Resources*, 214 Ga. App. 853, 857 (1) (449 SE2d 354) (1994); accord *Slaven v. City of Buford*, 257 Ga. 100 (355 SE2d 663) (1987). In an equity case, the trial judge has no discretion to exercise absent a material conflict in the evidence. See *Slaven v. City of Buford*, supra. Thus, the trial judge manifestly abuses his discretion when he grants an injunction adverse to a party without any evidence to support such judgment and contrary to the law and equity; such judgment "is so clearly wrong as to amount to an abuse of discretion."

---

[1] Since vested rights are involved and there has been no clear expression by the legislature that Ga. L. 1998, p. 620, § 1 (OCGA § 47-3-127 (e)) should be applied retroactively, then the law existing in 1996 and 1997, when the benefits were paid by TRS, governs.

(Citations and punctuation omitted.) *McClure v. Davidson*, 258 Ga. 706, 708 (2) (373 SE2d 617) (1988), quoting *Cohen v. Glass*, 225 Ga. 646, 647 (171 SE2d 118) (1969). Applying such standard, the trial court did not manifestly abuse its discretion with the following evidence supporting such judgment.

The Board, as well as other school systems of this state, routinely engages independent contractors to perform consulting services. Forehand and the Board entered into a seven-month, independent contractor-consulting contract for him to perform duties as if he were the superintendent. The contract expressly prohibited Forehand from applying for the position of school superintendent, while the Board sought to fill the position. As an independent contractor under the contract, Forehand had to pay and return all taxes, state and federal. The contract excluded those fringe benefits that an appointed superintendent of schools was entitled to receive for medical insurance coverage or premiums. The contract provided that the Board could terminate the contract for disability or sickness, because it was a personal performance contract. Since the contract performance required nearly daily presence, then it had provisions for absence for sickness or other reasons, but the Board had no right to control the time of Forehand's performance. Further, as to sick leave, Forehand was treated differently than employees who had sick leave records kept by the payroll clerk; a separate log as to sick days was kept for Forehand to assist in determining performance. If no sick days were taken, then Forehand could not accrue such days like Board employees. The contract gave Forehand no tenure. Nowhere in the contract, either expressed or implied, did the Board retain the right to control the time, manner, and method of Forehand's performance of the contract.

After two-and-one-half months of unsuccessful search for a school superintendent, on August 13, 1996, the Board entered into a similar six-month contract to follow the first contract. This contract provided for an automobile and for a period when Forehand was not expected to be present, denominated "vacation time." Such "vacation time" was contracted for by Forehand so that there would be periods of time when he was not expected to perform work on the contract, so that he could perform his other consulting work for numerous school systems, both inside and outside Georgia. The Board contracted with Forehand with the full knowledge and expectation that he would continue to conduct his profession of consulting, which would result in absences.

On February 11, 1997, after another six months of search without finding a superintendent, the Board entered into a third contract with Forehand for an additional twelve months on substantially the same terms. Forehand made several contacts with prospective candi-

dates and provided other assistance to find a permanent superintendent. The Board finally found a superintendent in January 1998. Forehand terminated his contract with the Board by March 1, 1998.

On October 30, 1997, the trial court conducted a lengthy hearing. Forehand testified that he at no time intended to enter into an employment relationship with the Board or to have the Board control the time, manner, and method in which he performed the contract. It was Forehand's understanding from the Board and his intent that neither "the Board of Education or anybody else on the face of the planet [had] the right to direct or change the methods of [his] performance of the work." No one ever told Forehand what time to work or how many hours to work. Likewise, no one told Forehand how to perform his contract. As an independent contractor, Forehand paid his own taxes and self-employed Social Security contributions without withholdings by the Board; had no unemployment coverage; and had no medical coverage. The Board reported its payments to Forehand to the IRS on Form 1099 rather than Form W-2. Forehand never took the oath of office as school superintendent. See OCGA § 20-2-1. Forehand had only one contract for twelve months; OCGA § 20-2-101 (a) requires the school superintendent to have a contract of not less than one nor more than three years. Forehand was not required to nor did he provide an annual superintendent's report to the Board, and he was not evaluated by the Board as to his performance. The Board never gave Forehand written instructions or directives as to the performance of his contract. No one supervised the performance of the contract or evaluated his work. No one had the right under the consulting contract to exercise control over Forehand's work. Forehand signed contracts for the Board not as superintendent, but only as acting superintendent. He did not act as the alter ego of the Board.

In applying the control test to determine if the relationship between the Board and Forehand was employer-employee or Board-independent contractor, the right, either expressed or implied, to control the time, manner, and method of employment must be considered. *Gray v. Vaughn,* 217 Ga. App. 872, 874-875 (2) (460 SE2d 86) (1995); *N. S. Co. v. Cincinnati Ins. Co.,* 203 Ga. App. 347, 348 (416 SE2d 859) (1992). "The right to control the manner and method means the right to tell the employee how he shall go about doing the job in every detail, including what tools he shall use and what procedures he shall follow." (Citations and punctuation omitted.) *RBF Holding Co. v. Williamson,* 260 Ga. 526 (397 SE2d 440) (1990). "The right to control the time of doing the job means the right to control the hours of work." Id. Inherent in employment of a school system superintendent employee is greater independence, discretion, and absence of supervision than any other Board employment position. Therefore, such employment appears more like the relationship of

independent contractor than it does regular employment.

"Where the contract of employment clearly denominates the other party as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control." (Citations and punctuation omitted.) *McGuire v. Ford Motor Credit Co.*, 162 Ga. App. 312, 313 (290 SE2d 487) (1982); accord *Goins v. Tucker*, 227 Ga. App. 524, 528 (4) (489 SE2d 857) (1997) (use of other factors to determine relationship). While factors other than control of time, manner, and method of work do not legally define the relationship of employer-employee versus Board-independent contractor, in this case, such factors demonstrate a legitimate intent by the parties to create the relationship of Board-independent contractor, i.e., economic reality. Clearly, such factors were not in the best economic interest of Forehand: (1) paying the employer's as well as employee's contribution to Social Security; (2) paying estimated state and federal income tax; (3) not having unemployment compensation; (4) not having workers' compensation; (5) not having medical insurance; (6) not accruing sick leave; (7) not having tenure or the job security of a multi-year contract; and (8) terminability of the contract upon disability or illness. See generally *Goins v. Tucker*, supra at 528-529. In the real world of business, these economic savings induce employers to outplace work with independent contractors.

Accordingly, the evidence construed most favorably to uphold the judgment clearly supports the decision of the Superior Court of Crisp County. See *Morrow*, supra at 317.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 17, 1998.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Susan L. Rutherford, Senior Assistant Attorneys General, for appellant.*

*Davis, Gregory, Christy, Forehand & Maniklal, David A. Forehand, Jr., for appellee.*