A07A0038. SAUNDERS et al. v. INDUSTRIAL METALS AND SURPLUS, INC. et al.
(646 SE2d 294)

BARNES, Chief Judge.

Stephen Nicholas Saunders fell through a skylight while repairing a roof, suffering catastrophic injuries. He brought this premises liability suit against the landowner, 1635 Marietta Property, L.P., and the tenants, Industrial Metals and Surplus, Inc. and S.M.B. Steel Corporation. Following discovery, the trial court granted summary judgment to all three defendants, and Saunders appeals. For the reasons that follow, we affirm the trial court.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001). Further, when ruling on a motion for summary judgment, a court must give the opposing party the benefit of all reasonable doubt, and the evidence and all inferences and conclusions therefrom must be construed most favorably

---

toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). On motions for summary judgment, however, courts cannot resolve the facts or reconcile the issues. *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City, Inc.*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

So viewed, the evidence shows that 1635 Marietta Property owns several warehouse-type buildings that were leased by two entities: Industrial Metals and Surplus and S.M.B. Steel. Edwin Rothberg, who is the president of Industrial Metals and a partner in 1635 Marietta, entered into an oral contract with Bodiford Corporation d/b/a AAA Welding Services to replace the rusting roofs on five buildings on the property. Rothberg showed AAA's owner, Larry Bodiford, the roof and told him the skylights throughout the roof would not support a man's weight. Bodiford passed that information along to all of his employees, one of whom was Saunders, and reminded them every morning to be careful working around the skylights. The skylights in the building where Saunders was hurt were green and were easy to see against the rust-colored roof. Saunders knew that the skylights would not support his weight.

The only access to the roof was by using a snorkel lift, which the roofing company provided and operated. The company's access to the roof was unlimited, and Bodiford had a key to the premises. The company did not need permission to go on the roof and did not have to be accompanied by an employee of Industrial Metals. While Rothberg came up to the roof from time to time and asked questions about how the job was progressing, and a few of his employees sometimes assisted AAA with the work, Bodiford controlled the time, method, and manner used by both AAA and Industrial Metals to perform the work. The Industrial Metals employees were under Bodiford's control and direction when they worked with AAA. Rothberg depended on Bodiford to take care of safety measures on the roof.

AAA employed no safety equipment on this job. Although Bodiford considered using safety harnesses, he did not know how to tie them off because the crew would be working on such a large area. After this accident, Bodiford learned about devices called retractable reels, which allowed the workers to travel across the roofs and still be tethered and which were used while the job was being finished.

On February 26, 2001, after AAA completed the roofing on the first four buildings, Saunders removed some tin from the roof of the fifth and last building, bundled it together, and stepped backward without looking, thinking he was stepping onto the roof. Instead, he stepped onto a skylight and fell 35 to 40 feet, breaking several bones

including a vertebra in his back and becoming partially paralyzed from the waist down. He obtained workers' compensation benefits from AAA's insurance carrier, whose motion to intervene in this case was granted. The Occupational Safety and Health Administration (OSHA) subsequently cited and fined AAA for failing to provide safety nets beneath the skylights and failing to instruct its employees to recognize and avoid unsafe conditions. OSHA did not cite Industrial Metals.

In its order granting summary judgment to each defendant, the trial court found that 1635 Marietta was not liable because it established that it was an out-of-possession landlord which had surrendered control of the premises, who did not ratify AAA's actions and did not have superior knowledge of the dangers involved. The court found that Industrial Metals, the primary tenant and party which hired AAA, also surrendered possession and control of the roof to AAA and was not vicariously liable for Saunders' injuries. Finally, the court granted summary judgment to S.M.B. Steel based on Saunders' superior knowledge of the danger, and on Katie Saunders' derivative claims.

Saunders enumerates three errors, all of which challenge these findings of fact. Specifically, he contends that the trial court erred in holding that 1635 Marietta and Industrial Metals completely surrendered possession and control of the property to AAA; that 1635 Marietta and Industrial Metals were not vicariously liable for AAA's conduct; and that Saunders is precluded from recovery because of his "knowledge or conduct."

1. Saunders contends that the trial court erred in holding that 1635 Marietta and Industrial Metals completely surrendered possession and control of the property to AAA. A landowner is liable in damages to invitees who are injured on his property due to his failure to exercise ordinary care to keep the premises safe. OCGA § 51-3-1. A property owner who surrenders possession and control of its property to an independent contractor, however, generally is not liable for injuries sustained by the contractor's employees on the property due to unsafe conditions. *Grey v. Milliken & Co.*, 245 Ga. App. 804 (539 SE2d 186) (2000). Conversely, the owner or occupier may be liable for such injuries if he retains the right to direct or control the time and manner of executing the independent contractor's work or interferes with the work to a sufficient degree. Id.

Therefore, to defend against Saunders' damage claim, 1635 Marietta, Industrial Metals, or S.M.B. Steel must establish that they surrendered complete possession and control of the property to AAA. Saunders argues that this is a jury question, given that both Industrial Metals and S.M.B. Steel had employees working on the premises on the accident date; that Rothberg directed AAA to avoid disrupting

the workflow; that no written contract existed between the companies; that Rothberg inspected the roof regularly; and that Industrial Metals employees worked alongside AAA on the roof.

On the other hand, based on the facts discussed earlier, the record establishes that 1635 Marietta was an out-of-possession landlord which had surrendered control of the premises to its tenants, Industrial Metals and S.M.B. Steel, and that Industrial Metals surrendered control of the roofing work to AAA.[1] AAA's employees had unfettered access to the roof, which was accessible only by using a lift provided by AAA and operated by its employees. Bodiford was the only person who gave orders to his employees, directing them when to begin, when to end or take a break, what to do and how to do it. Accordingly, this enumeration of error is meritless.

2. Saunders contends that 1635 Marietta and Industrial Metals are vicariously liable for AAA's conduct. An owner may be liable for an independent contractor's actions under OCGA § 51-2-5 (3), (4), (6), if, for example, the wrongful act violates an express contractual duty or a duty imposed by statute, or the owner ratifies the unauthorized wrong of the contractor.

(a) As to the violation of a contractual duty under OCGA § 51-2-5 (3), AAA had only an oral contract with Industrial Metals. Saunders argues that Industrial Metals' lease with 1635 Marietta requires it to comply with all rules, regulations and ordinances related to structural repairs or changes, and thus makes it responsible for AAA's OSHA violations. This argument is circuitous, because OSHA regulations do not apply to Industrial Metals; they apply to AAA. The lease does not require Industrial Metals to ensure that its independent contractors comply with all rules and regulations, only that it do so itself. These defendants have not violated a contractual duty with Saunders, and thus we find no error.

(b) Saunders claims that Industrial Metals is liable under OCGA § 51-2-5 (4) because it violated a duty imposed by statute, which is to keep its premises safe for invitees. But as discussed in Division 1, an independent contractor who takes possession and control of the premises from a landowner becomes an "occupier" who assumes the duty to keep the premises safe. *Torrington Co. v. Hill*, 219 Ga. App. 453, 455 (1) (465 SE2d 447) (1995). Therefore Industrial Metals is not liable under this theory.

(c) Saunders also claims that Industrial Metals ratified AAA's negligent failure to provide proper safety equipment, and thus became liable for that conduct per OCGA § 51-2-5 (6). A landowner does

---

[1] Saunders does not even argue S.M.B. Steel's liability.

not ratify wrongful conduct merely by observing it, however. Rothberg had no OSHA construction site safety training, was not responsible for checking the site's safety precautions, and did not know that safety equipment should be used while working on a roof. See *Englehart v. OKI America*, 209 Ga. App. 151, 152-153 (1) (b) (433 SE2d 331) (1993). Unlike the situation in *Styles v. Mobil Oil Corp.*, 218 Ga. App. 48, 49 (2) (459 SE2d 578) (1995), Industrial Metals denies ratifying AAA's conduct, and its oral contract with AAA did not mandate that the contractor comply with OSHA standards. Industrial Metals is not liable under this theory of recovery.

(d) Saunders contends that 1635 Marietta and Industrial Metals are liable to him because they hired his employer who was an "unqualified, understaffed and inexperienced contractor." While OCGA § 51-2-4 is a codification of the original common law rule of the nonliability of an employer for the torts of an independent contractor, its exceptions to the rule that an employer is not liable for the torts of an independent contractor are not exclusive. *Peachtree-Cain Co. v. McBee*, 254 Ga. 91 (1) (327 SE2d 188) (1985). The court affirmed this court's creation of an additional exception to nonliability, imposing liability "upon property owners for the intentional torts committed by the personnel of an independent security agency, where the security agency was hired by the property owners to protect their premises." Id. at 94 (2). Because the property owners had "undertaken to obtain security services, their duty to their invitees to provide responsible agents was personal and nondelegable." (Citation and punctuation omitted.) Id. Saunders analogizes this holding to Industrial Metals' hiring of AAA, which had no experience in roofing and no safety plan or equipment, but the vicarious liability of a landowner who undertook to provide security for the actions of its security agent is not equivalent to the liability of a landowner who hired a contractor to repair its roof. The exception set out in *Peachtree-Cain* does not apply to this case.

3. Finally, Saunders contends that the trial court erred in finding that his knowledge of the hazardous skylights precludes him from recovery. He also contends that Industrial Metals' notice of the dangerous, hazardous skylights renders it liable even if it completely surrendered possession of the premises to AAA.

"The crux of a premises liability case is the owner's superior knowledge of the hazard; thus, a plaintiff's actual, subjective awareness of the hazard precludes a recovery under this theory." (Footnote omitted.) *Carroll v. Ga. Power Co.*, 240 Ga. App. 442, 443-444 (1) (523 SE2d 896) (1999). There is no issue in this case about anyone lacking knowledge of the hazardous skylights. Industrial Metals warned AAA, AAA's owner warned his employees daily, and Saunders himself knew not to step on the skylights because they would not hold his

weight. He did not fall because he was unaware of the danger; he fell because he miscalculated his distance from the hazard, thinking he was stepping back onto solid roof when he stepped onto the skylight instead. While this is a tragic injury, based on the evidence of record, the trial court did not err in granting summary judgment to the defendants in this case.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED APRIL 30, 2007 —
RECONSIDERATION DENIED MAY 17, 2007 — 

*Blasingame, Burch, Garrard & Ashley, Gary B. Blasingame, Josh B. Wages, Hudson, Montgomery & Kalivoda, David R. Montgomery*, for appellants.

*Drew, Eckl & Farnham, Bruce A. Taylor, Jr., Douglas K. Burrell, McLain & Merritt, M. David Merritt, Carlock, Copeland, Semler & Stair, David F. Root, Kimberly M. DeWitt, M. Scott Barksdale*, for appellees.