**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 1, 2017**

# In the Court of Appeals of Georgia

A17A0189. WARD et al. v. DIRECTV LLC.

BETHEL, Judge.

Sharon Ward and Pshone Ward appeal the denial of their motion for summary judgment, as well as the trial court's grant of summary judgment in favor of DirecTV LLC on the Wards' claims seeking to recover for injury suffered by Sharon following the installation of a DirecTV satellite dish. The Wards argue that DirecTV is responsible for the negligence of its subcontractor, which installed the satellite system, because DirecTV exercised a great degree of control over the subcontractor, and because DirecTV had a nondelegable duty to ensure the satellite system was installed properly. We disagree and affirm because DirecTV did not control the time and manner of work performed by its subcontractor and because the Wards failed to point to a specific statute setting forth a nondelegable duty in their appeal.

On appeal, "we review de novo the trial court's grant of summary judgment, construing the evidence in a light most favorable to the nonmoving party." *Miller v. Turner Broadcasting System, Inc.*, 339 Ga. App. 638, 638 (794 SE2d 208) (2016) (citation and punctuation omitted). To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law. OCGA § 9-11-56 (c).

Construed in favor of the Wards, the evidence shows that Sharon Ward signed up for DirecTV service through a storefront retailer on January 11, 2013. That retailer was Systems Technology Corporation, which was an authorized dealer for DirecTV. The written agreement between DirecTV and Systems Technology provided that Systems Technology was an independent contractor, was responsible for the installation of DirecTV systems that Systems Technology sells, and that DirecTV would pay Systems Technology an agreed upon amount for installation. The agreement further provided that Systems Technology would provide installation services "in accordance with and consistent with the standard professional installation guidelines," which was attached to the agreement. Systems Technology contracted

2

with Premier Vision, LLC,[1] to install the DirecTV satellite equipment at the Wards' residence. However, Sharon alleged that she believed that she was ordering service directly from DirecTV and that a DirecTV representative installed her satellite cable system because the worker appeared in DirecTV branded gear. She also alleges that she activated her service directly with DirecTV.

The Wards claim that following the installation, their home was struck by lightning on or near the exterior satellite cable equipment, causing the lightning to travel through a metal doorknob that Sharon was touching, resulting in her injury. Two days later, an employee from Mastec North America, Inc., d/b/a Advanced Technologies ("Mastec") inspected and repaired the damage to the satellite equipment caused by the lightning and discovered that the system had not been grounded. The Wards filed suit against DirecTV and Mastec,[2] but did not state any claims against Systems Technology or Premier Vision. The Wards moved for summary judgment on DirecTV's defense that it was not liable for the actions of its subcontractor and on their claim that the violations of state and local codes associated with the installation

---

[1] No contract between Systems Technology and Premier Vision appears in the record before this Court.

[2] Mastec was dismissed from the litigation.

3

of the satellite system were negligence per se. The trial court denied that motion. DirecTV filed a cross-motion for summary judgment, which the trial court granted following a hearing.

The Wards argue on appeal that the trial court erred in granting summary judgment in favor of DirecTV because the proper and safe installation of the satellite dish system was a non-delegable statutory duty, and because DirecTV exercised a great degree of control over its subcontractor that installed the dish system.[3] We disagree.

1. The Wards concede that generally, employers are not responsible for torts committed by independent contractors,[4] but argue that DirecTV exercised a great degree of control over the subcontractor, such that it was not an independent contractor. Workers who operate independent businesses and are not subject to the immediate direction and control of those who hired them are independent contractors. *See* OCGA § 51-2-4. To determine whether a person is an employee or an independent contractor, the test

_____

[3] We note that the Wards did not advance a theory of recovery based on apparent agency, and therefore we decline to analyze whether such a theory could have prevailed under these facts.

[4] *See* OCGA § 51-2-4.

4

is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work. The right to control the manner and method means the right to tell the employee how he shall go about doing the job in every detail, including what tools he shall use and what procedures he shall follow.

*Royal v. Ga. Farm Bureau Mut. Ins. Co.*, 333 Ga. App. 881, 883 (777 SE2d 713) (2015) (quoting *RBF Holding Co. v. Williamson*, 260 Ga. 526 (397 SE2d 440) (1990)) (punctuation omitted). "The right to control the time of doing the job means the right to control the hours of work." *RBF Holding Co.*, 260 Ga. at 526. Moreover, "[w]here the contract of employment clearly denominates the other party as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control." *Ledbetter v. Delight Wholesale Co.*, 191 Ga. App. 64, 66 (1) (380 SE2d 736) (1989) (citation omitted). This control over the time, place, and manner of work is distinguishable from "the right merely to require certain definite results conformity with the contract[.]" *Webb v. Wright*, 103 Ga. App. 776, 779 (1) (120 SE2d 806) (1961).

The written agreement between DirecTV and Systems Technology specifically classifies the latter's status as an "independent contractor." Thus, to overcome the

presumption that Systems Technology—and by extension, Premier Vision, which installed the dish system—are independent contractors, the Wards must point to some evidence showing DirecTV controlled the time, manner, method, and means of the installation work. *See Royal*, 333 Ga. App. at 883. To this end, the Wards direct us to the contract between DirecTV and Systems Technology and the Installation Manual provided by DirecTV to Systems Technology. In particular, the Wards argue that the Installation Manual dictates the clothing and identification badge to be worn by the installer,[5] customer contact requirements,[6] and installation instructions[7] for the dish system. The Installation Manual states that all contractors—including those working for a DirecTV sales agent—are required to follow the procedures and standards found therein and to obtain written approval for any variation.

---

[5] The Installation Manual states that the installers "should wear DirecTV branded shirts and hats," that all vehicles should have proper identifiable signage, and that the installer should have an identification card showing him or her to be a DirecTV representative.

[6] The Installation Manual provides that each customer "must" receive two calls from the installer within a certain window prior to installation, and provides that the installer should arrive at the customer's residence "within the designated window of time wearing prior ID and uniform."

[7] The Installation Manual contains detailed instructions and guidelines for installation of the dish system, including grounding requirements.

6

However, the Installation Manual does not demonstrate that DirecTV had the right to control the time of installations by the subcontractor, Premier Vision. Nor is the fact that the installer displayed a DirecTV logo on his or her attire and/or vehicle, alone, sufficient to transform Premier Vision's status as an independent contractor. *See Lopez v. El Palmer Taxi, Inc.*, 297 Ga. App. 121, 124 (2) (676 SE2d 460) (2009) (mere fact that taxi driver displayed logo and accepted fares from the taxi company with whom he had contracted as an "independent contractor" not sufficient to transform relationship). Thus, we are left to consider whether the Installation Manual merely provides guidelines for obtaining particular results or if it demonstrates a greater degree of control over the manner of work being performed by the installer. *See McKee Foods Corp. v. Lawrence*, 310 Ga. App. 122, 125 (712 SE2d 79) (2011) (contractual provisions regarding storage of products, insurance requirements, distributor's territory and use of trademarks, and right to determine whether distributor is maintaining satisfactory sales constitute broad guidelines rather than exercise of control over day-to-day operations). While it is true the Installation Manual contains instructions on how to perform various types of installations, ultimately it is the installer who decides which approach is best suited to needs of each residence. The Installation Manual provides certain specifications with which

the installer must comply, but these guidelines simply serve "as a means of ensuring conformance with a certain level of quality and protecting [DirecTV's] professional reputation." *McKee Foods*, 310 Ga. App. at 126 (citation omitted). Therefore, under the facts before us, we cannot say that the trial court erred in its ruling that DirecTV lacked the right to direct or control the time and manner of the installation of the satellite system. *See Perry v. Georgia Power Co.*, 278 Ga. App. 759, 761 (1) (629 SE2d 588) (2006).

2. The Wards next argue that the trial court erred in granting summary judgment in favor of DirecTV because the proper and safe installation of the satellite dish system was a non-delegable statutory duty. The Wards rely on an exception to the general rule that the entity employing the independent contractor is liable for the wrongful act of the contractor "[i]f the wrongful act is the violation of a duty imposed by statute." *See* OCGA § 51-2-5 (4). "The exception applies only where the independent contractor has breached the statutory duty of the person employing the independent contractor." *Benson-Jones v. Sysco Food Servs. of Atlanta LLC*, 287 Ga. App. 579, 583 (2) (651 SE2d 839) (2007) (footnote omitted).

To support their argument, the Wards point to the Installation Manual, which provides that the "system must be grounded to meet Local/NEC [National Electric

Code] requirements." The Wards also argue that OCGA § 43-14-6 requires "electrical appliances" to be installed by licensed electricians, and that the satellite system qualifies as an electrical appliance. But no such requirement appears in OCGA § 43-14-6. Nor do the Wards point to any specific provision within the National Electric Code or local code setting forth some non-delegable duty in their appeal. Accordingly, the trial court did not err in granting summary judgment to DirecTV. *See Benson-Jones*, 287 Ga. App. at 584 (2).

*Judgment affirmed. McFadden, P. J., and Branch, J., concur*.